UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **DANIEL BROWN** | **CIVIL ACTION NO. 20-0126** |
| | |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| | |
| **SHERIFF JAY RUSSELL, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Plaintiff Daniel Brown, a former prisoner at Ouachita Correctional Center ("OCC") proceeding pro se and in forma pauperis, filed the instant proceeding on approximately January 27, 2020, under 42 U.S.C. § 1983. He names Sheriff Jay Russell and Ms. Dorthy as defendants.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff claims that Sheriff Jay Russell and Ms. Dorthy illegally charged him sales taxes on items he purchased from the commissary at OCC. [doc. #s 1, p. 3; 6, p. 1]. He alleges that this is illegal because taxpayers already paid for he and other prisoners "to be house[d] at OCC." [doc. # 1, p. 3]. Allegedly, "no other jail house is doing this." *Id.*

Plaintiff also claims that Ms. Dorthy charged him $4.00 for care packages, which inmates use for energy and welfare. [doc. # 6, p. 1]. He seeks $50,000.00 and a refund of "all money." [doc. # 1, p. 4].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

## Law and Analysis

**1. Preliminary Screening**

Because Plaintiff is proceeding in forma pauperis, his Complaint is subject to screening under § 1915(e)(2). Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

*Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Sales Tax**

With respect to his claim that defendants charged him sales taxes on items he purchased from the commissary at OCC, the undersigned does not discern a constitutional violation or any other federal violation.[2] See *Merkling v. Scott*, 177 F.3d 977 (5th Cir. 1999) (affirming summary judgment where an inmate claimed that defendants violated the Equal Protection Clause by imposing a sales tax on food items); *Goldsmith v. Strickland*, 2015 WL 5040008, at *4 (S.D. Miss. Aug. 26, 2015) ("Goldsmith's claim regarding payment of a sales tax by prisoners on items purchased at the commissary does not rise to the level of a constitutional violation."); *Hamil v. Scott*, 2013 WL 2451051, at *6 (W.D. La. June 4, 2013) (dismissing a claim that a prison commissary was not authorized to collect sales taxes on inmate purchases).[3] As one court reasoned:

> Plaintiff's claim that he should not be charged taxes on commissary items is not cognizable under § 1983. Commissary prices implicate no constitutional right. Because the county provided for the plaintiff's basic necessities (food, shelter, clothing, medical care, etc.), he had no protected property or liberty interest in commissary privileges. Plaintiff has no constitutionally protected interest in commissary privileges or commissary prices and, certainly, no legal basis for demanding that he be offered commissary items tax-free. As such, the complaint is legally frivolous as to this issue.

*Poole v. Stubblefield,* 2005 WL 2290450, at *2 (E.D. Mo. Sept. 20, 2005) (cited with approval by *Verrette v. Randolph*, 2009 WL 103715, at *9 (E.D. La. Jan. 14, 2009) ("[T]he collection of sales taxes simply does not violate plaintiff's rights.")).

---

[2] Plaintiff does not claim, for instance, that he is unable to obtain basic life necessities.

[3] See also *Boyd v. Lasher*, 2010 WL 444778, at *2 (E.D. La. Feb. 8, 2010); *Dewhart v. City of Montgomery*, 2008 WL 900911, at *1 (M.D. Ala. Mar. 31, 2008) (finding a similar claim "patently absurd" and reasoning: "the taxing of goods and services offered for sale or consumption at the city jail, without more, fails to state a violation of an inmate's federally protected constitutional rights.").

The Court should dismiss this claim.

### 3. Charging for Care Packages

Plaintiff claims that Ms. Dorthy charged him $4.00 for care packages. Prisoners allegedly use the care packages for energy and welfare. [doc. # 6, p. 1]. Like the claim above, however, the undersigned does not discern a constitutional violation or any other federal violation.

Plaintiff does not raise a plausible conditions-of-confinement claim because he does not allege that, without the care packages, he lacked basic life necessities and was exposed to a substantial risk of serious harm.[4] See *Carter v. Brown*, 772 F. App'x 67, 68 (5th Cir. 2019) (finding that the loss of commissary and recreation privileges did not amount to cruel and unusual punishment because the plaintiff did not allege that "the punishment was disproportionate to the alleged disciplinary offense or that he was deprived of the minimal measure of life's necessities."). Plaintiff, likewise, does not raise a procedural-due-process claim.[5] Further, Plaintiff fails to state a plausible claim to the extent he simply alleges that the price of a care package was excessive.[6]

---

[4] To establish an Eighth Amendment violation, a prisoner must demonstrate that a prison official was deliberately indifferent to conditions that resulted in the "extreme deprivation[,]" *Shannon v. Vannoy*, 682 F. App'x 283, 285 (5th Cir. 2017), of "the minimal civilized measure of life's necessities." *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008). To establish deliberate indifference, the prisoner must show that the official knew of and disregarded an excessive risk to inmate health or safety; the official must have been both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must have drawn the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

[5] See *Carter*, 772 F. App'x at 68 (finding that the loss of commissary and recreation privileges did not implicate a protected liberty interest).

[6] See *Grice v. Blanco*, 2007 WL 2908826, at *13 (W.D. La. July 18, 2007) ("[I]nmates have no constitutionally protected interest in purchasing stamps, food substances, or any other goods through the prison commissary at the cheapest price possible."); *Boyd v. Lasher*, 2010 WL 444778, at *2 (E.D. La. Feb. 8, 2010) ("Numerous courts that have considered claims . . . that

5

The Court should dismiss this claim.

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Daniel Brown's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 3rd day of March, 2020.

Karen L. Hayes
United States Magistrate Judge

---

prices of prison commissary items are too high have held that such allegations fail to state a claim of violation of constitutional rights . . . .") (listing cases).

6